IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08–cv–01189–CMA–KMT

LAWRENCE W. FITZGERALD,

   Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA,
WARDEN HOYT BRILL, and
KERRY KAHLE,

   Defendants.

___

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

___

**Kathleen M. Tafoya**
**United States Magistrate Judge**

   This case comes before the court on "Defendants' Motion to Dismiss Plaintiff's Amended Complaint" [Doc. No. 12, filed July 14, 2008]. The "Plaintiff's Brief in Opposition to Motion to Dismiss" ("Rsp.") was filed on December 19, 2008[1] [Doc. No. 49] and the

---

[1] The plaintiff filed a motion for leave to file his response out of time due to his confusion over the Federal Rules concerning timely filing of his responsive pleading. [Doc. No. 37]. The motion was granted and Plaintiff was given until December 1, 2008 to file his responsive pleading. [Doc. No. 39]. Plaintiff, however, did not receive the courts order in a timely manner and the court granted him until December 22, 2008 to file a response.

Defendants' Reply in Support of Motion to Dismiss Plaintiff's Amended Complaint" [Doc. No. 53] was filed on January 9, 2009. The issues are ripe for review and recommendation.

## *FACTUAL BACKGROUND*

The following facts are taken from Plaintiff's First Amended Complaint ("Compl.") and the parties' submissions with respect to this Recommendation.

Plaintiff is an inmate incarcerated within the Colorado Department of Corrections. Plaintiff was housed at Kit Carson Correctional Center in Burlington, Colorado ("Kit Carson") at all relevant time periods. (Compl. at 1). On July 13, 2007 the plaintiff claims to have been injured while using a weight lifting machine in the gymnasium at Kit Carson. (*Id*. ¶ 10). Plaintiff complains that two bolts holding the machine in place broke while he was using the machine, causing him to be "forcefully uncontrollably flung backwards and land[] on his upper back and neck and hit[] his head on the concrete floor." (*Id*. ¶ 13). The injuries caused Plaintiff to be transported to the Kit Carson County Memorial Hospital where he was "diagnosed by medical professionals with receiving a serious back and neck trauma injury and nerve damage." (*Id.* ¶ 14).

Plaintiff contends that the bolts which gave way on the weight lifting machine had previously been replaced by Kit Carson maintenance personnel. (*Id.* ¶ 11). He claims that his injuries were caused by the negligent maintenance of the weight lifting machine by Kit Carson personnel. (*Id.* ¶ 12).

Plaintiff brings state law claims for negligence against Corrections Corporation of America and Hoyt Brill, the Warden of Kit Carson, as well Kerry Kahle, a maintenance

2

employee ("Defendants"). (*Id.*, Claims for Relief One, Two and Three). In his Fourth Claim for Relief, Plaintiff charges all Defendants with violating his Eighth Amendment constitutional rights by "creating operating and maintaining a known hazardous environment on the property" and that each of the defendants were "directly and personally deliberately indifferent to the Plaintiff's [] safety needs . . ." (*Id.* ¶ 25).

## STANDARD OF REVIEW

### *1.* **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the

absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### 2. *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

When ruling on a defendant's motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). Further, the court is to make all reasonable inferences in the plaintiff's favor. *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002). In doing so, the Court distinguishes well-pleaded facts from conclusory allegations. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (citations omitted).

To state a claim, a plaintiff's complaint must "show[ ] that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp.*, 550 U.S. 544, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The plaintiff must allege enough factual matter, taken as true, to make his "claim to relief . . . plausible on its face." *Id.*; *Van Zanen v. Qwest Wireless, L.L.C.*,

522 F.3d 1127, 1129 - 30 (10th Cir. 2008). This is not to say that the factual allegations must themselves be plausible; after all, they are assumed to be true. It is just to say that relief must follow from the facts alleged. *Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). If a complaint explicitly alleges every fact necessary to win at trial, it has necessarily satisfied this requirement. *Bryson v. Gonzales,* 534 F.3d 1282, 1286 (10th Cir. 2008). The plausibility standard articulated by the Supreme Court in *Twombly* did not displace Federal Rule of Civil Procedure 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Erikson v. Pardus*, 551 U.S. 89 (2007) (per curium); *Hughes v. Colorado Dept. of Corrections*, 2009 WL 112830, *2 (D. Colo. 2009). The issue in reviewing the sufficiency of a plaintiff's complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *See Scheuer*, 416 U.S. at 236.

The defendants have not specifically cited to a Federal Rule upon which their Motion is based. Therefore, this court will presume the motion is based on Fed. R. Civ. P. 12(b)(6). In evaluating a 12(b)(6) motion to dismiss, it is appropriate to look to whether the plaintiff has alleged each element necessary to establish a *prima facie* claim on which relief can be granted. *See Ruiz*, 299 F.3d at 1182-83; *Sutton v. United Air Lines, Inc*., 130 F.3d 893, 902-903 (10th Cir. 1997).

## ANALYSIS

### A. *Eighth Amendment Claim (Plaintiff's Claim Number Four).*

Although not directly raised by the defendants, this court is compelled to address, in the first instance and before examining specific defenses of the three named Defendants, whether the Complaint has actually set forth a cognizable Eighth Amendment claim.

The Eighth Amendment's proscription against cruel and unusual punishment protects prisoners from the "unnecessary and wanton infliction of pain" by the state. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citation and internal quotations omitted). The state violates the proscription when it "so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs." *Helling v. McKinney*, 509 U.S. 25, 32 (1993). Prison officials are required to insure that inmates receive adequate food, clothing, shelter and medical care, for instance. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Likewise, prison officials must take reasonable measures to ensure an inmate's safety while incarcerated in the prison facility. *Id.*

Plaintiff has alleged that the defendants provided unsafe conditions of confinement by not properly maintaining a piece of exercise equipment which caused him permanent injury. "To prevail on a 'conditions of confinement' claim under the Eighth Amendment, an inmate must establish that (1) the condition complained of is 'sufficiently serious' to implicate constitutional protection, and (2) prison officials acted with 'deliberate indifference to inmate health or safety.' " *Reynolds v. Powell*, 370 F.3d 1028, 1031-1032 (10th Cir. 2004) (quoting *Farmer* at 834). The question of the defendants' culpability is subjective, but the risk is evaluated on an objective

basis. *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir.1998); *Ramos v. Lamm*, 639 F.2d 559, 568 (10th Cir.1980) (prison officials must provide reasonably adequate ventilation, sanitation, bedding, hygiene materials, and utilities (i.e. hot and cold water, light, heat, and plumbing)). An inmate making an Eighth Amendment claim for constitutionally inadequate conditions of confinement must allege and prove both the objective component and subjective component associated with the deficiency.

The objective component of a conditions of confinement claim requires that the objectionable conditions be sufficiently serious so as to "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Shannon v. Graves,* 257 F.3d 1164, 1168 (10th Cir. 2001) (prison inmate complained of exposure to raw sewage). Alternatively, a condition must be sufficiently serious so as constitute a substantial risk of serious harm. *Helling,* 509 U.S. at 33-35; *Shannon*, at 1168. Jail conditions may be "'restrictive and even harsh' " without violating constitutional rights. *Barney*, 143 F.3d at 1311 (quoting *Rhodes*, 452 U.S. at 347. "[O]nly those deprivations denying the minimal civilized measure of life's necessities . . . are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) ("the Constitution does not mandate comfortable prisons and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation").

The subjective component of an Eighth Amendment claim requires that a defendant prison official have a culpable state of mind -- that he or she acts or fails to act with deliberate indifference to inmate health and safety. *Wilson* at 297; *Shannon* at 1168. To state a claim

premised on prison officials' failure to protect him from harm, Plaintiff must allege that the Defendants knew of and disregarded an "excessive risk" to his "health or safety." *Farmer*, 511 U.S. at 837; *Reynolds* at 1032.

It is at the objective stage of the inquiry that Plaintiff's Complaint fails. Even if the defendants knew that the bolts on the exercise machine were replacement bolts and needed some special maintenance and purposefully ignored it, Plaintiff would not be entitled to relief on an Eighth Amendment claim. A bolt on an exercise machine, placed in the facility for recreational use, even if hazardous should it break when an inmate puts too much weight on it or does not otherwise properly use the equipment[2], does not amount to a condition objectively serious enough to implicate the Eighth Amendment. *See Christopher v. Buss*, 384 F.3d 879, 882 -883 (7th Cir. 2004) (lip where the infield joined the outfield on softball field not objectively subject to Eighth Amendment). To say that "exposure" to a weight lifting machine whose parts might eventually stress and break could violate the Eighth Amendment would be to imply that prison officials violate the Eighth Amendment by letting inmates play sports or use exercise equipment at all, because the risk of injury, even serious injury, is inherent. *Id.*

An "objectively 'sufficiently serious' " risk, *see Farmer*, 511 U.S. at 834, is one that society considers so grave that to expose any <u>unwilling</u> individual to it would offend contemporary standards of decency, *Helling,* 509 U.S. at 36 (emphasis added). Unlike the acute

---

[2] In his Response, Plaintiff has added for the first time a claim that Defendants Brill and Kahle did not provide "the plaintiff with any instructions in using the weight lifting machine for his safety." (Rsp. at 3).

risks posed by exposure to raw sewage, *see Shannon* at 1168, or inordinate levels of environmental tobacco smoke, *Helling*, 509 U.S. at 35, the risk of being hurt if a part fails on an exercise machine an inmate is voluntarily using is one that "today's society chooses to tolerate," *see Helling*, 509 U.S. at 35. Rather, it is the type of risk many encounter voluntarily when they play sports in less-than-perfect playing conditions or attend an athletic club. *Cf. McNeil v. Lane*, 16 F.3d 123, 125 (7th Cir.1993) (affirming dismissal of Eighth Amendment claim premised on inmate's exposure to asbestos-covered pipes outside his cell because "asbestos abounds in many public buildings" and exposure to it in moderate levels "is a common fact of contemporary life and cannot, under contemporary standards, be considered cruel and unusual").

A prison official's duty to protect an inmate from harm arises because the state has placed him "under a regime that incapacitates [him] to exercise ordinary responsibility for his own welfare." *Sacramento v. Lewis*, 523 U.S. 833, 851 (1998); *Christopher,* at 882. Far from being unable to exercise responsibility for his own welfare, Plaintiff, like any cautious individual using an item of exercise equipment outside of prison, was free to examine the weight lifting equipment for what he now apparently characterizes as an apparent defect. *Cf. Haas v. Weiner*, 765 F.2d 123, 124 (8th Cir.1985) (per curiam) ("[C]onduct <u>in which one voluntarily engages</u> can hardly be said to violate the Eighth Amendment.") (emphasis added). Prison officials' failure to alert him to the possibility that parts of equipment can fracture or break, although perhaps negligent under some circumstances, cannot be equated with the "unnecessary and wanton infliction of pain." *McMillian*, 503 U.S. at 5; *Christopher* at 882-883.

9

I find that Plaintiff has failed to establish that bolts holding exercise equipment in place and which suddenly broke under stress are sufficiently serious conditions to warrant constitutional protection under the Eighth Amendment. Simply put, the gradual deterioration of exercise equipment and parts associated therewith in a voluntary prison exercise facility, without more, does not amount to cruel and unusual punishment. The remedy for this type of injury, if any, must be sought in state court under traditional tort law principles, as recognized by Plaintiff in Claims One, Two and Three. It appears clear to the court that the addition of the Eighth Amendment claim was no more than a strategic ploy by Plaintiff to guarantee federal jurisdiction over his negligence claims.

Having found that Plaintiff has not met the objective part of his two part test to state a conditions of confinement claim, this court does not find it necessary to address the deliberate indifference component of Plaintiff's constitutional claim. I recommend that Plaintiff's Eighth Amendment claim, Claim No. Four, be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### B. *Supplemental jurisdiction*

A district court may decline to exercise supplemental jurisdiction over state law claims when it has dismissed all claims over which it had original jurisdiction. Title 28 U.S.C. § 1367(c)(3); *Exum v. U.S. Olympic Committee*, 389 F.3d 1130, 1138 -1139 (10th Cir. 2004); *Doe v. Bagan*, 41 F.3d 571, 573, 577 (10th Cir.1994) (approving dismissal of state law claims for lack of subject matter jurisdiction after summary judgment was granted as to all federal claims); *cf. United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state

claims should be dismissed as well."). "Pendent jurisdiction is a doctrine of discretion, not of Plaintiff's right." *Baker v. Board of Regents of State of Kan.*, 991 F.2d 628, 634 (10th Cir. 1993).

Because this court recommends the district court dismiss Mr. Fitzgerald's Eighth Amendment claim, I further recommend that the court decline to exercise supplemental jurisdiction over his state law claims and dismiss Claims One, Two, and Three.

Wherefore, for the foregoing reasons, I respectfully

**RECOMMEND** that "Defendants' Motion to Dismiss Plaintiff's Amended Complaint" [Doc. No. 12] be **GRANTED** and that the Complaint in this matter be **DISMISSED**.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the

magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 24th day of February, 2009.

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge