**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 08-cv-01189-CMA-KMT

LAWRENCE W. FITZGERALD,

    Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA,
WARDEN HOYT BRILL, and
KERRY KAHLE,

    Defendants.

---

**ORDER ADOPTING AND AFFIRMING FEBRUARY 23, 2009 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the February 23, 2009 recommendation by the Magistrate Judge that Plaintiff's Eighth Amendment claim be dismissed under Federal Rule 12(b)(6) and that the Court decline to exercise supplemental jurisdiction over his state-law claims. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question). Plaintiff has objected to this recommendation.  In light of the objections, the Court has conducted the requisite de novo review of the issues, the recommendation, and Plaintiff's objections.  For the reasons stated below, the Court ADOPTS and AFFIRMS the Magistrate Judge's recommendation.

## I.  BACKGROUND

The factual and procedural background is set out at length in the Magistrate

Judge's recommendation, which the Court incorporates herein. A short recap follows. Plaintiff is incarcerated at the CCA/ Kit Carson Correctional Center. While using a weight lifting machine there, two bolts holding the machine in place broke, flinging Plaintiff backwards onto the concrete floor. (Doc. # 8 at 4.) This caused Plaintiff serious neck and back injuries including nerve damage, from which he asserts he will suffer the rest of his life. Plaintiff claims the defendants, the company which owns and operates the prison and two of its employees, are responsible for his injuries. (*Id.* at 2-3.)

Plaintiff initially filed this case in state court before removing it to this Court on June 5, 2008. On June 30, 2008, Plaintiff, proceeding *pro se,* filed an amended complaint (Doc. # 8) alleging three state-law claims and one federal claim under 42 U.S.C. §1983. In this last claim Plaintiff charges that Defendants violated his rights under the Eighth Amendment by manifesting deliberate indifference to his safety needs, specifically, by creating and maintaining a dangerous condition in the form of the offending weight lifting machine. *(Id.* at 6.) On July 14, 2008, Defendants filed a Motion to Dismiss (Doc. # 12), which the Magistrate Judge construed as one made pursuant to Federal Rule 12(b)(6). It is this motion that is the subject of the Magistrate Judge's recommendations.

## II. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is properly made if filed within 10

days of the Magistrate Judge's recommendation and specific enough to enable "the district judge to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute." *U.S. v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

In considering Plaintiff's Objections, the Court is mindful that a pro se plaintiff is entitled to liberal construction of his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In other words, if the Court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. *Hall*, 935 F.2d at 1110. However, the requirement that the Court read the Plaintiff's pleadings broadly does not relieve the Plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. *Id.*

In this case Plaintiff must overcome Defendants' Rule 12(b)(6) motion. In reviewing a motion to dismiss for failure to state a claim, a court "'accept[s] all the well-pleaded allegations of the complaint as true'" and "'construe[s] them in the light most favorable to the plaintiff.'" *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)). The complaint will not be dismissed so long as it "contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Schneider*, 493 F.3d at 1177 (emphasis in original).

### III.  ANALYSIS

Plaintiff alleges that Defendants' failure to properly maintain a piece of exercise equipment created a dangerous "condition of confinement" and thus violated his Eighth Amendment right to be free from cruel and unusual punishment. He brings his claim under 42 U.S.C. § 1983. To prevail, Plaintiff must prove that there was a deprivation of a federal or constitutional right by a person acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970); *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001). At this stage, however, all he must do is allege facts which, if believed, plausibly entitle him to relief. *See Robbins*, 519 F.3d at 1247.

To satisfy the first prong of his 1983 claim, Plaintiff must adequately state an Eighth Amendment violation. A claim premised upon dangerous conditions of confinement must allege facts showing: (1) that the condition complained of is sufficiently serious to implicate constitutional protection, and (2) that the defendants acted with deliberate indifference to the inmate's safety. *Farmer v. Brennan*, 511 U.S.

825, 834 (1994); *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008).  The first element is measured objectively, the second subjectively.  *Farmer*, 511 U.S. at 834.

The Court will first address Plaintiff's Eighth Amendment claim, followed by his outstanding motion seeking leave to amend his complaint and, finally, his state-law claims.

**A.  Eighth Amendment - Cruel and Unusual Punishment**

In order for the complained-of condition to be sufficiently serious to warrant Constitutional protection under the Eighth Amendment, the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities."  *Farmer*, 511 U.S. at 834.   For a claim based on a failure to prevent harm, as in the instant case, the condition must pose a substantial risk of serious harm to inmate health and safety. *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004).  The seriousness of the alleged condition is evaluated on an objective basis.  *Barney v. Pulspher*, 143 F.3d 1299, 1310 (10th Cir. 1998).

The Magistrate Judge recommended dismissal after finding that Plaintiff's claim failed because the complained-of condition, evaluated objectively, was not sufficiently serious.  (Doc. # 62 at 8.)  The Court agrees.  Plaintiff was injured while using a piece of exercise equipment.  He was not under threat of physical or sexual assault, *see id.; Farmer*, 511 U.S. at 833, nor deprived of food, clothing, or shelter.  *Tafoya*, 516 F.3d at 916.  In short, his basic human needs were accounted for.  *See DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 199-200 (1989).  Plaintiff's claim fails because no matter how artfully phrased, a malfunctioning piece of exercise

equipment, even if negligently maintained, does not constitute a sufficiently serious condition to implicate the Eighth Amendment's ban on Cruel and Unusual Punishments. *See Helling v. McKinney*, 509 U.S. 25, 36 (1993) (objective showing "requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk.").

In her recommendation, the Magistrate Judge cited to a Seventh Circuit case dealing with an analogous "condition", that of a dangerous structural defect on a prison softball field. *Christopher v. Buss*, 384 F.3d 879, 882-883 (7th Cir. 2004). In *Christopher*, the so-called "protrusive lip", in the space where the infield met the outfield, caused the plaintiff serious injury when a ball bounced off it and struck his eye. *Id.* at 880. In affirming the district court's dismissal for failure to state a claim, the Seventh Circuit reasoned that, "[t]o say that exposure to such a [condition] could violate the Eighth Amendment would be to imply that prison officials violate the Eighth Amendment by letting inmates play sports at all, because the risk of injury, even serious injury, is inherent." *Id.* at 882. Though confronted with a different set of facts, the Court believes that the rationale for the *Christopher* decision applies with equal force here. A potentially dangerous exercise machine is simply not a risk that "today's society chooses not to tolerate," *Id.*(citing *Helling*, 509 U.S. at 35)). It is "the type of risk many encounter voluntarily . . ." and Plaintiff, as with the *Christopher* plaintiff, "was free to examine the [exercise machine] for what he now characterizes as an apparent defect." *Id.*

In discussing the *Christopher* decision, the Magistrate Judge noted a key

distinction between Plaintiff's Eighth Amendment claim and most claims in this context. Plaintiff voluntarily used the machine, a fact which undercuts his claim. Most "conditions of confinement" cases involve an environment, or condition, that is imposed upon the plaintiff. The allegation is typically phrased in terms of a deprivation. See *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 198 (1989)(explaining that because the prisoner is unable, by reason of the deprivation of his liberty, to care for himself, it is only just that the State be required to care for him) (internal quotation marks and punctuation omitted). The idea is that the prison is working upon him some oppressive measure and thus robbing or "depriving" him of what amounts to a constitutional right: to be free from cruel and unusual punishment. For example, the Supreme Court in *Farmer*, a case on which Plaintiff relies heavily, describes the test by stating that, "[f]irst, the *deprivation* alleged must be, objectively, sufficiently serious," *Farmer*, 511 U.S. at 834 (emphasis added).

Here, instead of a deprivation or denial, Plaintiff seems to be alleging something like the opposite–too much freedom. Plaintiff chose to use the machine, even after, as he states, "the substantial risk of harm was obvious for anyone who used the weight lifting machine." (Doc. # 67 at 7.) That begs the question. If the risk were so obvious, why use the machine? There is a concept in the law called "assumption of risk" which, because of its potential relevance here, further underscores the point that Plaintiff's allegations are bound-up in personal injury not constitutional law. See *Reynolds*, 370 F.3d at 1031 ("a slip and fall, without more, does not amount to cruel and unusual punishment") (internal quotation marks omitted); *also see Sampley v. Ruettgers*, 704 F.2d 491 (10th Cir. 1983) (prison guard's spitting on hair clippers and pushing prisoner

7

whose hair he was cutting might have been actionable torts claim but it was not cruel and unusual punishment).

This is not to say that an affirmative act is needed before a defendant can be liable; the Eighth Amendment imposes duties on officials and, thus, a failure to act can also be actionable. *See Tafoya*, 516 F.3d at 916. However, the omission or failure to act must be such that it denies "the minimal civilized measure of life's necessities." *Id.* (quoting *Farmer*, 511 U.S. at 834. The Court has found no case suggesting that by allowing an inmate to use a piece of exercise equipment, prison officials deny that inmate "the minimal civilized measure of life's necessities."

In addition, the Court notes that Plaintiff's complaint suffers from a common problem. No matter how focused his efforts, it is simply beyond Plaintiff's ability, or anyone else's, to will these allegations into a state of plausibility by characterizing the weight lifting machine as a "substantial risk" or "hazardous environment." (Doc. # 8 at 6; Doc. # 67 at 6.) These identifiers, while pithy and certainly prevalent in much of the legal discourse, are what are called conclusory allegations, a form of pleading guaranteed to instantly kill an unsuspecting claim. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1188 (10th Cir. 2003) (plaintiff's allegation of "heinous conditions" insufficient to state Eighth Amendment claim). Plaintiff is trying to dress his factual allegations in terms of legal conclusions, i.e., that a given condition amounts to a "substantial risk", to overcome the unavoidable and ultimately fatal deficiencies in his claim.

While the Court is required to construe Plaintiff's pleadings liberally, it cannot create for Plaintiff a new set of facts nor advocate on his behalf. *See Hall*, 935 F.2d at

1110.  Where there is no cause of action, the Court will not supply one.  It is true, as Plaintiff suggests in his objections, that "[n]o static test can exist by which courts determine whether conditions of confinement are cruel and unusual, for the Eighth Amendment must draw its meaning from the evolving standards of decency that mark the progress of a maturing society."  *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (internal quotation marks omitted).  But upon review of the relevant case law, it is clear to the Court that what is meant by the term "sufficiently serious" is a condition of confinement far more egregious than a negligently-maintained weight lifting machine.  The complaint must allege facts amounting to a "serious deprivation of basic human needs."  *See id* at 347.

In sum, Plaintiff's charge that the offending condition, a faulty piece of exercise equipment, is simply not "sufficiently serious" to implicate the Cruel and Unusual Clause.  As such, the Court need not address the "deliberate indifference" prong of the analysis.

**B.  Plaintiff's Motion for Leave to Amend Complaint**

Before moving on to the state-law claims, a final note regarding Plaintiff's constitutional claim.  After the Magistrate Judge issued her recommendation, Plaintiff filed a motion seeking leave from this Court to amend his complaint a second time, hoping he might cure whatever deficiencies led to the recommended dismissal.  The Court is mindful that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Perkins v. Kansas*

*Department of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999).  As has been made clear in the above discussion, Plaintiff's Eighth Amendment claim, based on a faulty exercise machine, suffers from flaws that cannot be resolved by filing of an amended complaint - the facts are what they are.  No matter how characterized, the facts simply do not rise to the level of stating a plausible claim for relief under the Eighth Amendment.  *See Twombly*, 550 U.S. at 570.

### C. Plaintiff's State-Law Claims

In addition to his Eighth Amendment claim, Plaintiff charges that each of the defendants are liable for negligence.  While the Court can sympathize with Plaintiff's injuries, the proper forum for Plaintiff's state claim is state court.  A district court which has dismissed all claims over which it had original jurisdiction may decline to exercise supplemental jurisdiction over the remaining state-law claims.  28 U.S.C. § 1367(c)(3); *Howard v. Jaramillo*, Slip Copy 2008 WL 5381469 at *9 (D.Colo. December 22, 2008). Pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966), the decision regarding whether the Federal court should exercise jurisdiction over purely state law claims rests in the sound discretion of the district court.  *See also Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 370 F.3d 1161, 1165 (10th Cir. 2004).  Moreover, the Tenth Circuit has indicated that if federal claims are dismissed before trial, as in the instant case, leaving only issues of state law, the Court should decline to exercise jurisdiction over the state claims.  *Ashley Creek Phosphate Co. v. Chevron USA, Inc.*, 315 F.3d 1245, 1264 (10th Cir. 2003).

Given that Plaintiff's lone federal claim has been disposed of, the Court declines

to exercise jurisdiction over Plaintiff's pendent state-law claims. Thus, the Court will accept the Magistrate Judge's recommendation and dismiss the state claims.

## IV.  CONCLUSION

For the foregoing reasons, IT IS ORDERED as follows:

1. That Plaintiff's objections (Doc. # 67), filed March 12, 2009, are OVERRULED;

2. That the Recommendation of the United States Magistrate Judge (Doc. # 62), filed February 23, 2009, is APPROVED AND ADOPTED as an Order of this Court;

3. That Defendants' Motion to Dismiss (Doc. # 12) is GRANTED; and

4. That Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. # 66) is DENIED and this case is hereby DISMISSED in its entirety.

DATED: April 30, 2009.

                                            BY THE COURT:

                                            _____
                                            CHRISTINE M. ARGUELLO
                                            United States District Judge