IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 08-cv-01189-CMA-KMT

LAWRENCE W. FITZGERALD,

    Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA,
WARDEN HOYT BRILL, and
KERRY KAHLE,

    Defendants.

---

ORDER REGARDING MOTION TO RECONSIDER DISMISSAL AND
MOTION FOR EXTENSION OF TIME TO APPEAL

---

This matter is before the Court on Plaintiff's Motion to Modify and Reconsider Order of Dismissal and Motion for Extension of Time to Appeal Order of Dismissal. (Doc. ## 75, 76.) For the reasons stated below, the former is granted and the latter is not.

### I.  MOTION TO MODIFY AND RECONSIDER ORDER OF DISMISSAL

The plaintiff is proceeding pro se; thus, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The Court cannot act as advocate for a pro se litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

Although Plaintiff does not cite to a specific rule in support of his motion, the Court, heeding its obligations under *Hainers v. Kerner*, construes Plaintiff's motion as if it were made pursuant to Fed.R.Civ.P. 59(e) to alter or amend the judgment. *Hall*, 935 F.2d at 1110 (citing *Haines*, 404 U.S. at 520-21)); *See Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005). "Relief under Rule 59(e) should only be granted due to an intervening change in the controlling law, new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice." *Figueroa v. American Bankers Ins. Co. of Florida*, 517 F.Supp.2d 1266, 1270 (D. Colo. 2006) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)

Plaintiff moves the Court to reconsider the portion of its Order (Doc. # 73) in which it dismissed his state-law claims. He argues that because his state-law claims are "still ripe for adjudication" the Court should, instead of dismissing them, remand them to Kit Carson County Colorado District Court, from which they were originally removed. (Doc. # 1.) The Court agrees.

In its Order approving and adopting the Magistrate Judge's Recommendation, the Court dismissed Plaintiff's lone federal claim, a 42 U.S.C. § 1983 action alleging an Eighth Amendment violation. Because this claim provided the only basis for the Court's jurisdiction, after its dismissal the Court declined to exercise supplemental jurisdiction over Plaintiff's state-law claims, which alleged Defendants were liable for negligence. The Court now reconsiders its Order and, in the interest of justice, rules that Plaintiff's state-law claims should be remanded to state court instead of being dismissed.

## II.  MOTION FOR EXTENSION OF TIME TO APPEAL ORDER OF DISMISSAL

Plaintiff also seeks a 60-day extension of time to file an appeal from the Court's Judgment so that he can "review [his] legal standing" and "research the recent Order . . . ."

According to Fed.R.App.P. 4(a)(4)(A)(iv), "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion . . . to alter or amend the judgment under Rule 59."  The last remaining motion under Rule 59 is the one disposed of in section I.  Thus, the time to file an appeal begins to run from the entry of this order.  In sum, because Plaintiff has already received additional time to "review [his] legal standing" and to "research the recent Order . . . ," due to the time taken to decide his Rule 59 motion, the Court is not inclined to grant Plaintiff any additional time.  Therefore, the motion for an extension of time is denied.

## III.  CONCLUSION

For the foregoing reasons, IT IS ORDERED as follows:

1. That Plaintiff's Motion to Modify and Reconsider Order of Dismissal (Doc. # 75) is GRANTED;

2. That Plaintiff's state law claims are REMANDED to Kit Carson County Colorado District Court;

3. That the Court's Order (Doc. # 73) and Judgment (Doc. # 74) are AMENDED to reflect the Court's decision to remand as opposed to

dismiss Plaintiff's state-law claims. The Order and Judgment otherwise remain intact; and

4. That Plaintiff's Motion for Extension of Time to Appeal Order of Dismissal (Doc. # 76) is DENIED.

DATED: June 22, 2009

BY THE COURT:

*[signature: Christine M Arguello]*

_____
CHRISTINE M. ARGUELLO
United States District Judge